Mr. Justice Olin
delivered the opinion of the court:
A bill in equity was filed in this case—
1st. For the purpose of reforming an alleged misdescription in a deed of trust, executed on the 1st of July, 1871, by Bichard W. Bruff and wife to William A. Fenwick and William *109 T. Walker, trustees for the South Washington Building Association, purporting to convey a tract of ground in this city-known and described as being part of lot numbered thirty-nine (39) of Samuel Lee’s subdivision of a former subdivision of original lot numbered six in square 873.
The second ground of relief asked for in the bill was the process of injunction restraining White and Semmes, trustees of the National Union Building Association, from selling the property alleged to have been conveyed to Fenwick and Walker. The deed to White and Semmes was executed on the 1st of April, 1870, and was, as appears by the answer of defendant, so executed by Bruff and wife to secure an outstanding indebtedness of Bruff to the National Union Building Association. The deed to the complainants was placed upon record on the 2d of August, 1871, and on the 29th of October, 1872, the National Union Building Association placed upon record its deed of the date of April 1, 1870. This latter deed correctly describes the premises alleged to have been intended to be conveyed to the complainants. The description of the premises supposed to have been conveyed to the complainants is substantially as follows, to wit: A parcel of ground in said city known and described as being part of lot numbered thirty-nine (39) of Samuel Lee’s subdivision of a former subdivision of original lot numbered six in the same square, 873. Beginning for the same at the southwest corner of said original lot six, and running thence northwestwardly along said avenue (Pennsylvania avenue) eighteen (18) feet; thence northeastwardly at right angles to said avenue eighty-four feet four and a quarter inches ; thence due west to an alley ten feet wide; thence along said alley ten feet ten and a quarter inches; thence parallel with said avenue about twenty-eight (28) feet to the northwest of original lot five, (-5,) and thence by and with the east line of original lot six (3) to the place of beginning.
It will be readily seen by a diagram or plat of this ground, such as accompanied the complainant’s brief, that the only mistake in the deed from Bruff and wife to the complainants was the word west for east. Substitute the word east for west and the description of the premises is not only certain to a common intent, but is. mathematically certain. If the *110 word west be adhered to, not only every course and distance must be disregarded, but at least half a dozen well-defined measurements and notorious landmarks must be disregarded — such as Pennsylvania avenue; lot No. 39 in Lee’s subdivision, the northwest corner of original lot 5, a line part of lot No. 6. Those permanent and fixed boundaries or monuments, as they are called, palpable to the observation-of all men, have been held to control courses and distances.
The defendants in their answer admit or at least do not deny that the deed executed by Bruff and wife to the complainants was intended to convey precisely that tract of land which would have been conveyed had the description of the premises been perfectly accurate. I do not see well how the defendants could have interposed any other answer.
The justice holding the special term or equity court very properly decreed that the mistake in this deed should be reformed as prayed in the bill. No prudent or careful man, we think, could fail to observe that the deed to Fenwick and .Walker was intended to convey that part of lot 39 which was previously conveyed to White and Semmes.
The justice holding the equity court, however, decreed allowing the correction of the deed prayed for in the bill of complaint as between the original parties to that instrument, but not to affect the rights of the defendants to this suit under their deed of trust of April 1, 1870, and dissolving the injunction which had been previously granted staying the-sale of the premises under and by virtue of the power contained in the deed of trust to White and Semmes. From the-latter part of this decree the complainants appealed to this court.
The legal effect of the latter part of this decree is to post, pone the rights of Fenwick and Walker, or more properly staying the South Washington Building Association under their deed of trust and making their deed subordinate to and a second incumbrance upon the property mentioned in the two deeds. From this part of this decree an appeal is taken to this court.
It is averred in the bill, and admitted in the answer, that the complainants at the time of advancing their money upon the faith of the security of this lot had no knowledge or *111 notice of the existence of the deed to Semmes and White, of April 1, 1870. They were thus bona-fide purchasers for a valuable consideration without notice.
It is alleged, in the defendant’s answer, that defendant’s deed of April 1,1870, was withheld from record by collusion between Bruff and Johnson, both officers of the National Union Building Association; Bruff being a director and Johnson the secretary of the latter company.
It is refreshing to find the truth told in the pleadings in a suit.
This deed to Semmes and White was withheld from record to enable Bruff to borrow money upon the security of this property as free from incumbrance.
Here is precisely that fraud which the act of Congress, in reference to the recording of deeds and other conveyances affecting real estate, was wisely designed to prevent, and which act that part of the decree appealed from renders nugatory and of no effect.
The part of the decree appealed from should be reversed, and the decree so modified as to make the first deed to Fen-wick and Walker the first incumbrance upon this property.
Mr. Justice Wylie dissenting.